UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URBAN ASSOCIATES, INC.,
a Michigan corporation,

       Plaintiff,                        CIVIL ACTION NO. 04 CV 40059 FL

      v.                              DISTRICT JUDGE PAUL GADOLA

STANDEX ELECTRONICS, INC.,      MAGISTRATE JUDGE VIRGINIA MORGAN
a Delaware corporation, and STANDEX
INTERNATIONAL CORP., a Delaware
corporation, jointly and severally,

       Defendants.
_____/

**REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This civil case is before the court on the plaintiff's motion for partial summary judgment and defendant's response. The motion was filed after the district court's grant of summary judgment to defendant was reversed in part by the Sixth Circuit. *Urban Assoc., Inc. v. Standex Elec.*, 2007 WL 328789 (6th Cir., Feb 1, 2007). Plaintiff argues that the Circuit Court implicitly determined the issue of liability and that the only issue left for the fact finder to decide is damages, that is, whether plaintiff Urban is entitled to post-termination commissions for the "life of the part" or for the life of the purchase order. Defendant argues that while the Circuit Court reversed the grant of summary judgment, it did not affirmatively grant summary judgment to plaintiff and that defendant has in no way waived the right to present evidence at trial on the

issue of liability. Oral argument was held before the magistrate judge on November 15, 2007. For the reasons stated on the record and as discussed herein, the court recommends that the plaintiff's motion be denied. Plaintiff misperceives the nature of summary judgment. Where, as here, a determination is made that defendant is not entitled to judgment as a matter of law, the next step in the litigation process is a trial. Denial of summary judgment is not equivalent to a factual finding of liability.

The background of the case as recited by the Circuit Court shows that in 1990, the predecessor to plaintiff Urban entered into a sales representative agreement with defendant Standex Electronics (a wholly owned subsidiary of Standex International Corporation, collectively "Standex"). The agreement called for Urban to solicit requests for quotation (RFQ) from potential customers in the auto industry for Standex's custom manufactured parts. Standex agreed to pay Urban commissions for certain sales generated pursuant to the RFQ obtained by Urban. After Urban performed for 12 years, Standex exercised its contractual right to terminate on 60 days notice. At about the same time, Standex hired the Urban employee who had been soliciting customers under the agreement. Standex was thus able to have its own employee act as sales person, rather than paying commissions. (Slip Op. 1-2.)

Urban sued Standex in this court. In Count One, Urban claimed that Standex breached the agreement by failing to pay commissions due on products that were shipped after the termination date pursuant to purchase orders that were booked before the termination date, and that Standex terminated in a bad faith effort to avoid paying commissions. Count Two set forth an alternative theory of recovery: Urban claimed that if it were not entitled to commissions

on the disputed shipments under the agreement, it was entitled to quantum meruit to avoid the unjust enrichment of Standex. Count Three was Urban's claim that Standex tortiously interfered with its employment relationship with the sales representative by inducing her to leave Urban and Count Four sought declaratory relief as to Standex's continuing obligations under Counts Two and Three. The district court granted Standex summary judgment on all counts. The Circuit Court affirmed the summary judgment for Standex on all claims except for the breach of contract claim (Count One, Part One). (Slip Op. 33.) The court found no error with respect to the grant of summary judgment on the bad-faith termination claim (Count One, Part Two); the quantum meruit claim (Count Two); the tortious-interference claim (Count Three); and the request for declaratory relief as to quantum meruit and tortious interference. The court stated: "We reverse summary judgment, however, with regard to the breach of contract claim (Count One, Part One)." (Slip Op. 2.)

With respect to the breach of contract claim, the Circuit Court reviewed the law and the agreement. Noting some shortcomings in the district court's analysis, it found that

> "the district court erred in concluding that the term 'orders booked' was not ambiguous, and Urban presented ample evidence from which a reasonable fact finder could adopt one of its two preferred interpretations of the term. '[W]hen contract terms are ambiguous and one interpretation supports some recovery for plaintiff, the trial court may not enter summary judgment for defendant.' [Citation omitted]. Accordingly, we conclude that the district court erred in granting summary judgment to Standex on the breach of contract claim contained in count one."

Slip Op. 23.

From this statement, plaintiff extrapolates that the Court of Appeals found that plaintiff was entitled to a judgment of liability as a matter of law. This is not the case. Summary judgment and trial are fundamentally different concepts. Neither the court's opinion nor the law of the case doctrine supports plaintiff's conclusion. Summary judgment is a decision issued on the basis of a "paper record." *Shields v. Eli Lilly & Co*, 895 F.2d 1463, 1466 (DC Cir. 1990). As noted by several courts, a trial record consists principally of live witness testimony and may include more evidence than that included in the summary judgment motion. Further, the way the evidence plays out at trial may sufficiently alter the contours of the liability issue such that a reasonable jury could reach only one conclusion. See, *Kovacevich v. Kent State University*, 224 F.3d 806, 835 (6th Cir. 2000) (Gilman concurring). The only issue before the Court of Appeals in this case was whether to affirm or reverse the district court's decision on the defendant's motion for summary judgment. Consistent with the directives of Federal Rule Civil Procedure Rule 56, the Court of Appeals construed the evidence in the light most favorable to plaintiff–the non-moving party. The court affirmed the district court's grant of summary judgment in all aspects but part of count one where the Circuit Court found that the language in the contract was ambiguous and that plaintiff had proffered sufficient extrinsic evidence for the a jury to adopt one of plaintiff's proposed interpretations of "orders booked." Thus, it was error for the district court to have granted summary judgment on that claim. The Circuit court stated that reading the agreement as a whole and considering all the extrinsic evidence, "a reasonable fact finder *could conclude* that the parties intended Urban to receive post-termination commissions at least for the life of the purchase orders that were received prior to the termination date." Slip Op. 22. The

court also that stated that, "Indeed, *it might be difficult* for a fact finder to conclude that the parties did not intend the agreement to give Urban a right to commissions at least for the life of the purchase order–the very Standex official who drafted the agreement testified [at deposition] that he understood the agreement to guarantee commissions to that extent." Id. (Emphasis added). However, this language does not mean that plaintiff prevails without a presentation of its evidence to a fact finder. The court explicitly indicates that a fact finder shall consider the evidence–material facts in dispute precluding the grant of summary judgment. Defendant's liability to plaintiff as a matter of law is not explicitly or implicitly decided, nor is it a necessary inference from the court's language. Plaintiff's contention that it was entitled to a judgment of liability was never before the Circuit Court, or the district court for that matter. Plaintiff did not file any dispositive motion and did not ever take the position that "orders booked" should be determined as a matter of law. Indeed, it proffered two alternative interpretations under ambiguous contract provisions. On remand, plaintiff will have, at trial, the opportunity to put forth its evidence and have a "reasonable fact finder" weigh such evidence, as well as the evidence put forth by the defendant, and determine which, if either, alternative interpretation the parties intended.

Plaintiff also argues that the law of the case doctrine entitles it to summary judgment. Plaintiff's argument regarding the law of the case doctrine is not persuasive. The law of the case doctrine precludes a court from reconsideration of issues previously decided by it in that case. *McKenzie v. BellSouth Telecommunications*, 219 F.3d 508 (6th Cir. 2000). Here, neither the

district court nor the Circuit Court ever determined plaintiff's entitlement to damages. All the courts determined was that defendant was not entitled to summary judgment.

Accordingly, plaintiff's motion for partial summary judgment should be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: November 15, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 15, 2007.

                                                        s/Jane Johnson
                                                        Case Manager to
                                                        Magistrate Judge Virginia M. Morgan