UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URBAN ASSOCIATES, INC.,

    Plaintiff,

vs.

STANDEX ELECTRONICS, INC. and
STANDEX INTERNATIONAL CORP.,

    Defendants.
_____/

Case No.: 04-CV-40059

HON. MARK A. GOLDSMITH

## ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 111)

### I. BACKGROUND

On August 20, 2012, the Court entered an Order (Dkt. 110) granting, in part, and denying, in part, Plaintiff's motions to confirm the arbitration award (Dkt. 91) and clarifying the finality of an earlier opinion issued by the Court (Dkt. 96). In the August 20 Order, the Court ruled on several elements of the arbitration award, including the costs and interest to which Plaintiff was entitled. Plaintiff filed a motion for reconsideration (Dkt. 111), to which Defendants responded (Dkt. 113).

In its motion for reconsideration, Plaintiff asserts that the Court erred regarding the date from which pre-judgment interest on damages and costs should be calculated. Pl.'s Mot. for Reconsideration at 7-8. Plaintiff relies on Ayar v. Foodland Distributors, 698 N.W.2d 875 (Mich. 2005). In that case, the Michigan Supreme Court held that "judgment interest is applied to attorney fees and costs ordered as mediation sanctions under M.C.R. 2.403(O) from the filing of the complaint against the liable defendant." Id. at 877. Plaintiff reasons that, because the

Stipulated Order for Arbitration allows the prevailing party to recover the costs of the arbitration, these costs are akin to mediation sanctions. As such, Plaintiff argues, pre-judgment interest on such costs should be calculated from the filing date of the complaint (February 20, 2004), rather than from the date of the arbitration award (April 14, 2011). Plaintiff also asserts that the August 20 Order failed to recite in the "Conclusion" of the Order that Plaintiff was entitled to post-award interest on damages calculated pursuant to Mich. Comp. Laws § 600.6013(8), although the body of the Court's Order did recognize Plaintiff's entitlement to such interest.

Defendants' response argues that the Court correctly addressed the issue of pre-judgment interest on costs in its Order, and that Plaintiff cannot recover interest from the filing date of the complaint. Defs.' Resp. at 3 (Dkt. 113). However, Defendants acknowledge that it was the Court's "intent that interest under state law be awarded from the date of the award until entry of the federal judgment." Id. at 4.

## II. ANALYSIS

The primary issue for reconsideration is determining if Plaintiff is entitled to pre-award interest for costs. In the Sixth Circuit, state law governs awards of pre-judgment interest, while post-judgment interest is a matter of federal law. FDIC v. First Heights Bank, FSB, 229 F.3d 528, 542 (6th Cir. 2000). Generally, under Michigan law, pre-judgment interest is calculated at the time of filing the complaint. Mich. Comp. Laws § 600.6013. In the arbitration context, however, the Michigan Supreme Court has held that special rules apply:

> The decision whether to award preaward, prejudgment interest as an element of damages is reserved as a matter of the arbitrator's discretion. Because preaward damage claims including interest are deemed, in the absence of a contrary agreement, to have been submitted to arbitration, and the arbitrators here did not award interest, we will not step in and mandate interest for the preaward period. However . . . postaward, prejudgment interest and postjudgment interest under § 6013 are statutorily required.

Holloway Const. Co. v. Oakland Cnty. Rd. Comm'rs., 543 N.W.2d 923, 927-928 (Mich. 1996).

Thus, most importantly for our case, the accrual date for any statutory prejudgment interest is the date of the award. Id.; accord Uhl v Komatsu Forklift Col. Ltd., 466 F. Supp. 2d. 899, 911 (E.D. Mich. 2006).

Plaintiff's reliance on Ayar is misplaced. Ayar addressed the accrual date for interest on mediation sanctions. However, the present case does not involve mediation sanctions; it involves costs awarded under an arbitration agreement. In the arbitration context, the accrual date for interest on costs is the date of the award. Nothing in Ayar suggests that the Michigan Supreme Court meant to overrule Holloway. As such, Holloway remains good law, which this Court follows.

As for the entitlement to post-award interest calculated pursuant to Michigan law, the Order stated that "Plaintiff is further entitled to post-award interest after April 14, 2011, as provided by § 600.6013, on the entire award including costs and arbitrator fees, until the entry of judgment." Order at 11 (Dkt. 110). The omission of post-award interest from the Order's conclusion was an oversight by the Court and therefore, the Court clarifies the August 20 Order to include post-award interest, as recited in the body of that Order.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied in part and granted in part, as set forth above.

SO ORDERED.

Dated: November 21, 2012          s/Mark A. Goldsmith
       Flint, Michigan                MARK A. GOLDSMITH
                              United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2012.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager